UITHOVEN v. SNYDER.

1. NEGLIGENCE — CROSSING ACCIDENT — PERSONAL INJURIES — EVIDENCE—WEIGHT OF EVIDENCE—NEW TRIAL.

In an action for personal injuries caused to plaintiff by a collision between his motorcycle and defendant's automobile at a street intersection, where the record shows a sharp dispute between the witnesses as to how the accident happened, the verdict for plaintiff *held*, not so against the weight of the evidence as to call for reversal.

2. SAME—EVIDENCE—TRIAL—APPEAL AND ERROR.

That counsel for plaintiff was allowed to take the answer of a juror, on his *voir dire* examination, that his automobile was insured in a mutual company, and that a witness, on cross-examination by counsel for defendant, stated that he thought the insurance company would do the right thing by plaintiff and advised him not to go to court, which answer was immediately stricken out, *held*, not reversible error, where the trial judge instructed the jury that there was no question of insurance in the case, and that it would be a fatal mistake for them to allow themselves to be influenced in any way by any suggestion of that sort dropping from the mouth of a witness, etc.

3. EVIDENCE—EXPERT WITNESS—COMPETENCY.

Objection to incompetent questions and answers put to a witness called as an expert was properly sustained.

4. SAME — MUNICIPAL CORPORATIONS — ORDINANCES — NEGLIGENCE—SPEED OF VEHICLES.

A city ordinance regulating the speed at which vehicles must pass over railroad tracks was properly excluded where the collision in question occurred more than 125 feet from the railroad crossing.

5. APPEAL AND ERROR—REQUESTS TO CHARGE COVERED BY GENERAL CHARGE.

Refusal to give requests to charge, which, so far as they were proper statements of the law, were fully covered by the general charge, *held*, not reversible error.

6. SAME—ASSIGNMENTS OF ERROR TO CHARGE.
> The Supreme Court will not discuss isolated sentences of the charge of the trial court which might be open to criticism, where no assignments of error in relation thereto were made.

Error to Kalamazoo; Weimer (George V.), J. Submitted February 2, 1921. (Docket No. 112.) Decided March 30, 1921.

Case by Frederick Uithoven, an infant, by his next friend, against J. Allen Snyder for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Clyde W. Ketcham,* for appellant.

*Jackson, Fitzgerald & Dalm,* for appellee.

MOORE, J. In September, 1918, the plaintiff rode southerly on Portage street in Kalamazoo on a motorcycle. Vine street intersects Portage street. As the plaintiff approached Vine street, the defendant, who was driving an automobile north on Portage street, turned to the left for the purpose of crossing Portage street and entering into Vine street. The vehicles collided, resulting in severe injuries to the plaintiff who brought this suit to recover damages. The defendant moved for a directed verdict, which motion was denied. The case was submitted to a jury, resulting in a verdict and judgment in the sum of $4,075. A motion was made for a new trial which was denied, and the case is brought here by writ of error.

The trial judge charged the jury in relation to the claims of the respective parties as follows:

"It is the theory and claim of the plaintiff in this case that he was proceeding southerly on Portage street on his motorcycle, and the defendant was proceeding northerly on the other side of the street, upon

the east side of the street in his automobile, and that at the intersection of Vine street the defendant turned his automobile to the west and negligently caused it to collide with the plaintiff's motorcycle, producing injuries to the plaintiff. * * * That the plaintiff was in the exercise of due care. * * *

"It is his theory and claim that the defendant was negligent, particularly as follows:

"*First:* That the defendant suddenly and without warning changed the course in which he was proceeding, and turned to the west.

"*Second:* That the defendant failed to have his automobile under control.

"*Third:* That in changing the course of his automobile he disregarded and ignored the plaintiff's position on the street and the use that the plaintiff was making of the street.

"Plaintiff alleges that he has sustained damages, and that those damages consist of several elements, namely,

"*First:* That his motorcycle was damaged—that he is entitled to recover the reasonable cost and expense of repairs to his motorcycle.

"*Second:* That he sustained personal injuries; that his leg was broken. * * *

"The theory and claim of the defendant is that the defendant was not negligent, that he had his automobile under control; that he did not turn suddenly and without warning; that in turning his automobile to the west, he exercised a due regard for the plaintiff's safety in the latter's use of the street, and that the plaintiff himself was negligent and that his injury was due to his own negligence rather than that of the defendant. That is, in substance and in effect, the theory and claim of the defendant."

The defendant argues at great length that the verdict was against the weight of the evidence. The trial judge was of a contrary opinion. A careful reading of the record shows a sharp dispute between the witnesses as to how the accident happened. We cannot say that the verdict was so against the weight of the evidence that we ought to interfere. See *Hintz* v.

*Railroad Co.,* 132 Mich. at p. 308; *Nichols* v. *Railway Co.,* 209 Mich. 331.

While examining the jurors in an effort to get a jury the attorney for the plaintiff was allowed to take the answer of a juror that his automobile was insured in a mutual company. On the cross-examination of a witness by counsel for the defendant the following occurred:

"*Q.* You did not have any such talk with him?
"*A.* No, sir. I said that he—I tried to have him keep away from the law, and settle with you. I thought maybe you could settle with him cheaper than going to court with it. I advised him not to go to court with it. I said this man was injured and I thought the insurance company would do the right thing, that is what I told him. I advised him against going to court with it.
"*Mr. Ketcham:* I ask that the answer go out as given by the witness.
"*The Court:* It may go out."

Counsel insist that those references to insurance were so harmful that the case should be reversed.

The trial judge charged the jury upon this subject. We quote part of what he said:

"There is no question of insurance in this case, and you are not concerned with it. There is no evidence of it in the case, and you are not to guess or speculate or imagine that there may or may not be any insurance involved in this controversy, for there isn't any, and it would be a fatal mistake for you to allow yourselves to be influenced in any way by any suggestion of that sort dropping from the mouth of a witness. So you will abolish that, obliterate it entirely from your minds in the consideration of the evidence in this case."

Upon this record we do not think what occurred upon the subject of insurance is reversible error. See *Ward* v. *DeYoung,* 210 Mich. 67.

Defendant called an expert as a witness and complains of the ruling of the court in sustaining objections to some of the questions put. To illustrate: "Q. And in answer to the question which of the two vehicles was the aggressor?" The testimony of this expert covers more than eight printed pages and was not restricted where the question and answer were competent.

Complaint is made that a city ordinance was excluded. This ordinance related to the speed at which a vehicle must pass over the railroad tracks. The trial court was of the opinion that this ordinance was not competent because the scene of the collision was more than 125 feet from the railroad crossing. Its exclusion was not error.

Complaint is made of various portions of the charge of the court, and of the refusal to give certain requests of the defendant. So far as these requests were proper statements of the law, they were fully covered by the general charge. It is possible that a few sentences of the charge isolated from the context might be the subject of proper adverse criticism, but as there was no assignment of error in relation thereto we decline to discuss it.

The charge was a long one and fairly covered the issues involved. We find no reversible error.

The judgment is affirmed, with costs to the plaintiff.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.